# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARY WALLS, and MELISSA WALLS, As next friend of JOSHUA D. DEFORD, <br><br> Plaintiffs, <br><br> v. <br><br> ACTION RESOURCES, INC., and MICAH LEAVINS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:17-cv-00319 <br> REEVES/LEE |

## MEMORANDUM OPINION

This lawsuit arises from a motor vehicle accident that occurred on March 11, 2016 in Bradley County, Tennessee. Defendants move to dismiss the Complaint on the grounds plaintiffs filed the action outside the applicable statute of limitations. For the reasons that follow, defendants' motion is granted and this action dismissed.

### I. Background

Plaintiffs are residents of the State of Virginia. Defendant Michah Leavins is a resident of the State of Florida. Defendant Action Resources is an Alabama corporation with its principal place of business in Cullman County, Alabama. Plaintiffs allege that Action was the owner of the commercial motor vehicle driven by Defendant Leavins that was involved in the accident with the plaintiffs' vehicle.

Plaintiffs filed their complaint on the basis of diversity jurisdiction in the Northern District of Alabama, Eastern Division on June 1, 2017. On August 25, 2017, defendants

filed a motion to dismiss, or in the alternative, to transfer venue to the Eastern District of Tennessee. On November 1, 2017, the Alabama court issued a Memorandum Opinion and Order granting defendant's motion to transfer venue, but did not address the motion to dismiss on statute of limitations grounds. The case was transferred to this court from the Northern District of Alabama on November 20, 2017.

Defendants' filed the instant motion to dismiss based on expiration of the one-year statute of limitations for personal injuries found in Tenn. Code Ann. § 28-3-104(a)(1).

## II.  Standard of Review

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiffs, accept all the complaint's factual allegations as true, and determine whether the plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.) cert. denied, 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## III. Discussion

Because the court is sitting in diversity, the court applies Tennessee choice of law rules. *English Mtn. Spring Water Co. Inc. v. AIDCO Int'l, Inc.*, 2008 WL 2278627 at *2 (E.D.Tenn. May 30, 2008). When a diversity case is transferred from another jurisdiction under 28 U.S.C. § 1406(a), such as in this case, the transferee district court applies the choice of law rules of the forum state. *Martin v. Stokes*, 623 F.2d 469, 472 (6th Cir. 1980) (Following a transfer under § 1406, the transferee district court should apply its own state law rather than the state law of the transferor district court). Therefore, because this action was transferred to the Eastern District of Tennessee under § 1406, and because statutes of limitation are considered procedural rules in Tennessee, the Tennessee statute of limitations would apply. *Elec. Power Bd. of Chattanooga v. Monsanto Co.*, 879 F.2d 1368, 1375 (6th Cir. 1989) (finding statutes of limitations are procedural rules and thus the statute of limitation of the forum state (Tennessee) apply to claims brought by both Tennessee and Alabama plaintiffs). Accordingly, the court finds that Tennessee law applies to determine whether the statute of limitations has expired.

In Tennessee, actions for personal injury must be commenced within one year of the date on which the action accrues. Tenn. Code Ann. § 28-3-104(a)(1). Here, the accident occurred on March 11, 2016. Plaintiffs filed their Complaint on June 1, 2017, more than one year after the accident occurred. Thus, the court finds plaintiffs' claims are time-barred.

Plaintiffs do not contend that their Complaint is timely under Tennessee law, but instead argue that the case was erroneously transferred from the Northern District of Alabama. Plaintiff's argument is without merit. In an action for personal injury, the law of the state where the injury occurred determines the rights and liabilities of the parties, unless another state has a more significant relationship to the occurrence and the parties. *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992). The accident occurred in Bradley County, Tennessee, so Tennessee is the appropriate forum. Plaintiffs have not shown that Alabama has a more significant relationship to the accident or the parties.

## IV. Conclusion

Because Plaintiffs filed their Complaint after the expiration of the statute of limitations applicable to personal injury actions in the State of Tennessee, defendants' motion to dismiss [R. 33] is **GRANTED**, and this action is **DISMISSED, with prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**